WORDCHOFF, Appellant, v. NEPPER et al, Respondents.

(170 N. W. 657).

(File No. 4403.   Opinion filed February 11, 1919.)

1.  **Landlord and Tenant—Lawful Tenant Holding Over, Right to Enjoin Wrongful Trespasser—Rule.**

    If a tenant is rightfully in possession of land under a valid lease, or being the owner of the realty, he would have a right to enjoin entry thereon against one who was a wrongful trespasser.   Dictum.

2.  **Indians—Indian Lands, Leasehold of—Non-formal Verbal Lease —Lessee Holding Over, Tenant's Right Under—Enjoining Re-entry, Tenability—Other Cases Distinguished.**

    One in possession of patented Indian land under a verbal lease for one year, unapproved by Superintendent of Indian affairs, and who after demand made upon expiration of the year that he vacate, refused to vacate the land, could not maintain injunction against the patentee seeking to re-enter; since he never had any legal right to possession, the lease, not being in compliance with rules and regulations of the Indian Department providing that it be in writing on approved forms of the Indian Department, having no validity.

Appeal from Circuit Court, Gregory County.   Hon. William Williamson, Judge.

Action by Herman Wordchoff, against F. J. Nepper and another, to enjoin defendants from entering upon Indian lands in possession of plaintiff.   From an order denying an injunction pendente lite, and dissolving a temporary restraining order, defendants appeal.   Affirmed.

*W. J. Hooper*, for Appellant.

No appearance, for Respondents.

McCOY, J.   In the fall of 1916, the respondent Julia Nepper, an Indian allottee, verbally leased her alloted land to appellant for the year commencing March 1, 1917, and ending March 1, 1918. The said lease was not executed on a government form, nor approved by the superintendent of Indian affairs.   Appellant went into possession under said verbal lease, and occupied said land

during said year. During the month of March, 1918, the appellant still occupying said land, the said Julia Nepper and her husband undertook to take possession of and move into and occupy the buildings upon said leased premises. Appellant objected to her so taking possession, claiming that he had verbally leased said land for another year ending March 1, 1919, but which renewal of lease was denied by respondent. At the time respondent so attempted to take possession much harsh language was used between the parties. Thereafter appellant commenced an action to restrain the respondent and her husband from interfering with appellant's possession of said premises, and procured an order requiring the respondents to show cause why they should not be restrained during the pendency of the trial from in any manner going upon the said premises, and which order to show cause also contained a temporary injunction restraining respondents from in any manner going upon the said premises until the further order of the court. Upon the hearing of the order to show cause, the court denied the application for injunction pending suit, and also dissolved the temporary restraining order, from which rulings of the court appeal has been taken.

[1] Appellant now assigns as error the said rulings. The specific contention of appellant is that the respondent could not lawfully by force or threats intimidate appellant into giving up possession of said land; that respondent's remedy was by an action in forcible entry and detainer. We are of the view, however, that if, upon the showing made, it had appeared that appellant was rightfully in possession of said premises under a clear legal right, such as the owner of said property, or one having a valid lease thereon, that then, and in that case, appellant might have been protected in his possession by the injunction of the court, as against one who was a wrongful trespasser; but such is not shown to be the circumstances of this case.

[2] It is clear from the showing made that respondent Julia Nepper, was the rightful allottee under a United States allotment patent, and that, while she had the right to lease said lands, she could only make a valid lease by complying with the rules and regulations of the Indian Department which provide that all such leases must be in writing on forms prescribed by the Indian Department, and also must be approved by the superintendent of In-

dian affairs before such lease can have any validity at all. Beck v. Flournoy Co., 65 Fed. 30, 12 C. C. A. 497. We are of the opinion, therefore, that appellant never at any time had any legal right to the possession of said premises as against respondents. A plaintiff who is owner and has the right of possession usually will be entitled to injunction to restrain a trespasser without right, and so one who has naked possession only may be entitled to injunction as against a wrongdoer without right; but one in possession who is himself wholly without right to possession cannot maintain injunction against the rightful owner who seeks to re-enter. Joyce on Injunction, 998 and 1001; McGee v. Smith, 16 N. J. Eq. 462. We are of the opinion, therefore, that appellant, being without right to possession, and against the rightful owner, was not entitled to the injunction sought in this case.

Finding no error in the record, the judgment appealed from is affirmed.